UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TARIQ AHMED, individual, | No.: 3:18-cv-05915 |
| Plaintiff, | COMPLAINT |
| vs. | |
| WASHINGTON STATE DEPARTMENT OF HEALTH MEDICAL QUALITY ASSURANCE COMMISSION, | |
| Defendant. | |

COMES NOW the Plaintiff TARIQ AHMED ("Plaintiff") by the undersigned attorneys, to aver and complain as follows:

Plaintiff brings this action against Defendant WASHINGTON STATE DEPARTMENT OF HEALTH MEDICAL QUALITY ASSURANCE ("Defendant" or "MQAC") for disability discrimination in violation of the American's with Disabilities Act, discrimination based on gender, race and national origin in violation of the Civil Rights Act of 1964, age discrimination in violation of the Age Discrimination in Employment Act, violation of constitutionally protected due process rights, repudiation of contract, frustration of purpose and impossibility of contact, tortious interference, intentional infliction of emotional distress, negligence and defamation.

COMPLAINT – Page 1 of 11                                          The Rosenberg Law Group, PLLC
                                                                  500 Union Street, Suite 510
                                                                  Seattle, WA 98101
                                                                  (206) 407-3300 / Fax (206) 407-3097

## I. PARTIES, JURISDICTION AND VENUE

1.1     <u>Plaintiff</u>.  Tariq Ahmed is a resident of Sacramento, California. He is of age and is otherwise qualified to bring this action.

1.2     <u>Washington State Department of Health Medical Quality Assurance Commission</u>. MQAC is a Washington State agency located and doing business in Thurston County, WA and licensed Plaintiff.

1.3     <u>Tort Claim</u>.  More than 60 days have elapsed since Plaintiff properly delivered a tort claim against the defendant pursuant to Washington law.

1.4     <u>Amount in Controversy</u>.  The amount in controversy exceeds $75,000, exclusive of interest and costs.

1.5     <u>Jurisdiction</u>.  This court has subject matter jurisdiction over this action pursuant to 28 U.S. Code § 1332.

1.6     <u>Venue</u>.  Venue is proper in the Western District at Tacoma, Washington because Defendant's operations resided in Thurston County, WA.  28 U.S. Code § 1391.

## II. FACTS

2.1     Plaintiff has been licensed to practice as a physician and surgeon in Washington State since June 14, 1993.

2.2     Defendant is a state agency charged with, among other things, licensing professionals practicing medicine in Washington State.

2.3     Defendant filed a Statement of Charges ("SOC") against Plaintiff on March 17, 2017 in connection with his work as a primary care physician from January 5, 2015 until March 12, 2015 at the Cowlitz Family Health Center ("CFHC") in a rural Washington town.

The Rosenberg Law Group, PLLC
500 Union Street, Suite 510
Seattle, WA 98101
(206) 407-3300 / Fax (206) 407-3097

2.4     Defendant was the only male and the only person of color working at CFHC and was also significantly older than the rest of the clinic's employees.

2.5     Defendant has been disabled with severe hearing loss for the last twenty years.

2.6     Plaintiff was the only licensed physician at CFHC and managed a case load of approximately 400 patients, many of which were active drug seekers.

2.7     Plaintiff initially responded to the SOC pro se and participated in a mediation requested by Staff Attorney Jim McLaughlin and attended by MQAC member Dr. Pattison, and Commission staff Dr. Heye and Dr. Barrett.

2.8     Plaintiff objected to the mediation occurring telephonically, stating his disability would make such a meeting difficult.

2.9     Plaintiff asked for accommodations for his disability in advance of the mediation stating specifically that he needed to be seated close enough to the parties to read their lips.

2.10    Plaintiff was frustrated to find he was seated 20 feet from the other participants, no speakers or speech enhancers were available, and as a result he could not hear the MQAC officials.

2.11    Based on Plaintiff's obvious frustration, Mr. McLaughlin raised concerns about Plaintiff's mental status.

2.12    On October 30, 2017 the parties agreed to stipulate to informal disposition of the SOC.

2.13    As a prerequisite to the Stipulation to Informal Disposition ("STID"), Plaintiff was required by MQAC to undergo a forensic neuropsychological evaluation conducted by Dr. Kenneth Muscatel, Ph.D.  Dr. Muscatel found no evidence of impairment or concern.

2.14     The STID also required Plaintiff to obtain a second comprehensive evaluation by Dr. Muscatel.  However, Staff Attorney James Mclaughlin communicated in e-mails that MQAC was now not "comfortable" with Dr. Muscatel's prior examination and that Plaintiff now needed to see Dr. Kelly Cornett, Psy.D. for an exam.

2.15     Mr. McLaughlin also stated in those emails that he believed Plaintiff had "psychological" problems.

2.16     Mr. McLaughlin repeated these concerns to Plaintiff's counsel, demanded testing by Dr. Cornett and despite the STID, and expressed his opinion that Plaintiff was not fit to practice medicine due to these "psychological" problems, which are based entirely on Plaintiff's understandably frustrated response to the failure to accommodate his disability and allow him to meaningfully participate in the mediation.

2.17     Plaintiff attempted to comply with the request that he be examined by Dr. Cornett, but Dr. Cornett determined Plaintiff's hearing disability was too profound to successfully conduct the proposed testing.

2.18     The STID also contained a practice limitation, limiting Plaintiff's employment to QTC Medical Group, Inc. ("QTC"), where he was currently employed.

2.19     Upon entry of the practice limitation, QTC fired Plaintiff.  This was not foreseen by Plaintiff and his agreement to the STID was based on his ability to continue his employment at QTC.

2.20     The April 2018 issue of the Medical Commission Newsletter, published by Defendant, contained a section entitled "Legal Actions," in which Plaintiff was listed under

"Informal Actions." The primary issue alleged was "ineffective communications with co-workers and patient."

2.21 On April 4, 2018 Mr. McLaughlin then proposed that Plaintiff voluntarily surrender his license. Plaintiff declined.

2.22 Plaintiff has been unable to obtain new employment due to the STID.

### III. CAUSES OF ACTION

**A. Disability Discrimination in Violation of the American's with Disabilities Act**

3.1 Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

3.2 Plaintiff has severe hearing loss qualifying him as a protected individual under the American's with Disabilities Act.

3.3 MQAC is a public entity and discriminated against Plaintiff by failing to provide reasonable accommodations for his disability.

3.4 MQAC's failure to provide accommodation reflects deliberate indifference for Plaintiff's disability, which they were made well aware of.

3.5 MQAC further discriminated against Plaintiff by alleging he had mental health problems when he became understandably and reasonably frustrated by their failure to provide accommodations for his disability resulting in his inability to participate in mediation.

**B. Discrimination Based on Gender, Race and National Origin in Violation of the Civil Rights Act of 1964**

3.6 Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

3.7     MQAC further discriminated against Plaintiff based on his gender, race and national origin.

3.8     MQAC also improperly allowed discrimination by CFHC, based on Plaintiff's gender, race and national origin, to factor into their decision-making regarding Plaintiff.

### C. Age Discrimination in Violation of the Age Discrimination in Employment Act

3.9     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

3.10    MQAC further discriminated against Plaintiff based on his age.

3.11    MQAC also improperly allowed discrimination by CFHC, based on Plaintiff's age, to factor into their decision-making regarding Plaintiff.

### D. Violation of Constitutionally Protected Due Process Rights

3.12    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

3.13    Plaintiff has a property and liberty interest in his medical license issued by Defendant.

3.14    Defendant has deprived Plaintiff of this interest without affording him the due process required during such professional disciplinary proceedings.

3.15    The mediation conducted that resulted in the STID was not something Plaintiff was able to meaningfully participate in due to their failure to accommodate for his disability.

3.16    Further, the decision makers based on their decision on his understandable frustration with their failure to accommodate his disability instead of the record at hand and what was said regarding that record.

### E.  Repudiatory Breach of Contract

3.17    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

3.18    Defendant insisted on including in the STID, which amounted to a contract between the parties, the requirement that Plaintiff undergo two psychological examinations by Dr. Muscatel.

3.19    Defendant then unilaterally sought to change a material term of the contract by insisting on a different provider of the second examination.

3.20    Defendant repudiated the contract by materially, unilaterally changing its terms.

3.21    Plaintiff suffered considerable financial damages from this repudiation in an amount to be determined at trial.

### F.  Impossibility of Contract and Frustration of Purpose

3.22    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

3.23    Defendant insisted that a different provider perform the second psychological examination agreed to by the parties in the STID.

3.24    The provider Defendant insisted on, Dr. Cornett, determined Plaintiff's disability prevented the intended testing.

3.25    This amounts to frustration of the purpose of the contract and rendered the contract void as a matter of law as an essential term could not be fulfilled.

3.26    The STID also contained a practice limitation that allowed Plaintiff to continue working for QTC and in fact required continual reporting to MQAC by QTC.

3.27    Continued employment at QTC was an essential term of the contract.

3.28    QTC determined that they would not continue to employ Plaintiff.

3.29    This further amounts to frustration of the purpose of the contract and rendered the contract void as a matter of law as an essential term could not be fulfilled.

3.30    Plaintiff suffered considerable financial damages from the frustration of the purpose of this contract and voiding of this contract in an amount to be determined at trial.

### G. Tortious Interference with Business Expectancy

3.31    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

3.32    Defendant is charged with licensing medical professionals who practice in Washington State.

3.33    Defendant knows that the ability of medical professionals to earn income in the state of Washington is dependent on Defendant issuing them a license to do so.

3.34    Defendant intended to interfere with Plaintiff's reasonable business expectancy as their goal was to limit his ability to practice.

3.35    Defendant did in fact interfere with that business expectancy as evidenced by Plaintiff's loss of employment and inability to obtain new employment.

3.36     This interference was improper and based entirely on Plaintiff's reasonable frustration at their failure to accommodate for his disability.

3.37     Plaintiff has suffered considerable financial damages in an amount to be determined at trial.

### H. Intentional Infliction of Emotional Distress

3.38     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

3.39     Defendant intentionally and recklessly failed to accommodate for Plaintiff's disability in mediation and then based the STID on his understandable, resulting frustration.

3.40      Defendant's conduct is outrageous given how little effort accommodating Plaintiff's disability would have required.

3.41     This failure to accommodate his disability was the direct cause of the resulting STID.

3.42     Plaintiff has suffered emotional distress as a result of the STID, losing his job and not being able to continue his medical practice in an amount to be determined at trial.

### I. Negligence

3.43     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

3.44     Defendant owes Plaintiff a duty to act reasonably in licensing decisions to include accommodating for his disability and allowing him to meaningfully participate in mediation discussions.

3.45     Defendant breached that duty.

The Rosenberg Law Group, PLLC
500 Union Street, Suite 510
Seattle, WA 98101
(206) 407-3300 / Fax (206) 407-3097

3.46   Defendant's beach is the cause of Plaintiff's loss of employment and his inability to work.

3.47   Defendant should have foreseen this result.

3.48   Plaintiff has suffered considerable financial damages in an amount to be determined at trial.

### J. Defamation

3.49   Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

3.50   Defendant negligently made a false statement in their publication by stating Plaintiff had an issue with "ineffective communications with co-workers and patient."

3.51   Plaintiff has suffered considerable financial damages in an amount to be determined at trial.

## IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

A.  Order an award of monetary damages against the Defendant in an amount to be proven at trial;

B.  Order Defendant to pay Plaintiff for the costs associated with this action, including attorney's fees, expert fees, and all other costs to the fullest extent allowed by law;

C.  Grant any additional or further relief as provided by law, which this Court finds appropriate, equitable, or just.

DATED this 8th day of November 2018.

THE ROSENBERG LAW GROUP, PLLC

/s/ Amy Phillips
Amy Phillips, WSBA No.53492
Seth Rosenberg, WSBA No.41660
Attorneys for Plaintiff
500 Union Street, Suite 510
Seattle, WA 98101
amy@rosenberglawgroup.net
(206) 407-3300